# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL DOCKET NO.: 3:05CR104

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| TANRE STEPHON TAYLOR (6), ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Government's "Notice of Appeal and Motion for Revocation and Stay of the Magistrate's Order," filed April 4, 2006.

Defendant was charged by way of a Bill of Indictment with conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841, 846 (Count One), and possession with intent to distribute and distribution of cocaine and aiding and abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. United States Magistrate Judge David Keesler presided over Defendant's original detention hearing on June 8, 2005. At the conclusion of this hearing, Defendant consented to detention but reserved the right to a bond review hearing at a later date. Subsequently, on September 15, 2005, Defendant entered into a written plea agreement with the Government and on October 4, 2005, Defendant pled guilty to Count One of the Bill of Indictment.

On March 27, 2006, Defendant sent a *pro se* letter to Judge Horn, requesting a bond review hearing. In this letter, Defendant advised the Court that if he were released on bond, he had already obtained both a place to live and a job. Defendant requested an opportunity to spend time with his two children and explained the substantial assistance he provided to the

1

Government since his arrest. As a result of this letter, on March 31, 2006, Defendant appeared before Chief United States Magistrate Judge Carl Horn for a bond review hearing.

There is a rebuttable presumption of detention where a person has been found guilty of an offense and is awaiting sentencing. 18 U.S.C. § 3143(a)(1). Moreover, where, as here, a defendant is found guilty of an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, there is a higher presumption of detention. 18 U.S.C. § 3143(a)(2). That is, a defendant facing such a sentence should be detained pending sentencing unless the judge finds that there is a substantial likelihood that a motion for acquittal or new trial will be granted, or an attorney for the Government has recommended that no sentence of imprisonment be imposed on the defendant, and the judge finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community. *Id.*

Defendant contends that this presumption is rebutted in this matter due to the fact that he completed a drug treatment program and the "Family Ties" course while in the custody of the Mecklenburg County Jail, he has obtained employment for the time he is released on bond, he has a place to live while released on bond, and he desires to spend time with his two children before his sentence is imposed in this case. Moreover, Defendant argues that he has provided substantial assistance to the Government. In fact, defense counsel advised Magistrate Judge Horn that he expects the Government to file a 5K1.1 motion prior to or during Defendant's sentencing hearing as a result of this substantial assistance.

At the conclusion of the hearing, Magistrate Judge Horn granted Defendant's Motion for Bond and released Defendant. The Magistrate Judge concluded that the fact that Defendant had

completed the drug treatment and "Family Ties" programs, had children to support, had a job available upon his release, and could live with his mother or paternal grandmother upon release were all sufficient factors to warrant release at that time. Moreover, Magistrate Judge Horn released the Defendant upon the conditions that Defendant: (1) execute an unsecured bond of $25,000; (2) reside with his mother or paternal grandmother; (3) engage in full-time employment; (4) support his children; (5) not associate with individuals involved in illegal drugs unless under the direct supervision of law enforcement; and (6) comply with the standard conditions of release. Defendant was released from custody on March 31, 2006. The Government opposes this release and moves for an Order of Revocation of the Magistrate Judge's Order of Release.[1]

This Court reviews *de novo* the Magistrate Judge's detention order. *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985). The Court has reviewed the recording of the hearing before Magistrate Judge Horn, as well as the contents of the criminal file in this matter. In determining whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of other persons and the community, the Court must consider all the evidence regarding:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –
    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the

---

[1] The Government also filed a Motion for Stay of the Magistrate's Order pending this Court's review of the Government's appeal of Defendant's release. However, Defendant was released on March 31, 2006, and the Government did not file the instant Notice of Appeal and Motion for Revocation and Stay of the Magistrate's Order until April 4, 2006. Therefore, the Government's Motion for Stay is moot.

> community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed upon the person's release. . . .

18 U.S.C. § 3142(g).

Upon review of these factors and for the reasons stated herein, the Court concludes that bond is <u>not</u> appropriate in this matter. In support of this finding, the Court notes that Defendant has been found guilty of an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. Moreover, there is not a substantial likelihood that a motion for acquittal or new trial will be granted, and the Assistant United States Attorney has recommended that a sentence of imprisonment be imposed on Defendant. Additionally, the Court cannot find by clear and convincing evidence that Defendant is not likely to flee or pose a danger to any other person or the community. Although it is notable that Defendant has completed a drug treatment program and the "Family Ties" program in the Mecklenburg County Jail, participation in those programs cannot overcome the presumption of detention imposed by 18 U.S.C. § 3143(a)(2). Moreover, the other circumstances cited by Defendant - obtaining employment for the time he is released on bond, finding a place to live while released on bond, and the substantial assistance he provided to the Government - are not sufficient circumstances to overcome the presumption of detention.

Taking all of the factors into consideration, the Court finds that no condition or combination of conditions of bond reasonably will assure the appearance of the Defendant and the safety of other persons and the community.

**IT IS, THEREFORE, ORDERED** that the Government's "Notice of Appeal and Motion for Revocation of Magistrate's Order" is hereby **GRANTED**. Accordingly, the Order of Magistrate Judge Horn authorizing release is hereby **VACATED**.

**IT IS FURTHER ORDERED** that the Defendant be **TAKEN INTO CUSTODY** and **DETAINED** pending further order of this Court.

**IT IS FURTHER ORDERED** that the Clerk shall certify copies of this Order to Defense Counsel, the United States Attorney, the United States Marshal Service, and the United States Probation Office.

Signed: April 7, 2006

Richard L. Voorhees
Chief United States District Judge